UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC GORDON,

                              Petitioner,

                                                      **Hon. Hugh B. Scott**

                v.

                                                      07CV474A

                                                      **Report
                                                      &
SUPRA. POOLE,                                         Recommendation**

                              Respondent.



        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 11).   The instant matter before the Court is petitioner's motion (Docket No. 6) for

entry of default judgment against respondent (due to appearance by Erie County District Attorney

rather than New York State Attorney General).

                                    **BACKGROUND**

        Petitioner, proceeding pro se, filed his habeas corpus petition on July 23, 2007.  Petitioner

had been convicted in New York State Supreme Court, Erie County, following his guilty plea to

attempted second degree burglary and other offenses (Docket No. 1, Pet.), see People v. Gordon,

42 A.D.3d 964, 837 N.Y.S.2d 885 (4th Dep't), leave denied, 9 N.Y.3d 876, 842 N.Y.S.2d 788

(2007).  After petitioner was granted in forma pauperis status and the Court set a schedule for

responding papers (Docket No. 3, Order of Aug. 15, 2007), respondent answered, appearing

through the Erie County District Attorney (Docket No. 4, Sept. 24, 2007).  Petitioner then filed

his present motion for default judgment (Docket No. 6).

## DISCUSSION

I.    Default Judgments in Habeas Proceedings

Under Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984), default judgments should not be entered against habeas corpus respondents unless the Court first conducts an evidentiary hearing as to the merits of petitioner's claim, unlike other civil proceedings, id. at 22.  Other courts in this Circuit have declined to enter default judgments where the Attorney General or the District Attorney for the county in which petitioner was convicted failed to appear, Berry v. Woods, No. 06CV4849, 2007 U.S. Dist. LEXIS 49036 (E.D.N.Y. July 6, 2007), at *3-4 (citing Bermudez, supra), reconsideration denied, 2007 U.S. Dist. LEXIS 55538 (July 30, 2007).  On this basis, petitioner's present motion should be **denied**.

II.    Appearance by District Attorney for Habeas Respondents

Petitioner cites to the New York County Law § 700 and New York Executive Law § 63 as granting the New York State Attorney General exclusive jurisdiction to defend habeas respondents, since they are state officials (see generally Docket No. 6).  County Law § 700(1) grants district attorneys the general power to prosecute state offenses within their county, while Executive Law § 63(1) has all actions in which the State of New York has an interest prosecuted by the Attorney General or at least provides notice to the Attorney General.

It is the practice of the Attorney General to allow district attorneys in more populous counties to appear on behalf of habeas respondents to defend the convictions earned in their respective counties.  For example, in Brown v. Berbary, No. 01CV6500, 2004 U.S. Dist. LEXIS 13598 (W.D.N.Y. June 16, 2004), Magistrate Judge Payson had a habeas proceeding defended by

the Monroe County District Attorney's office.  Prior to her ascension to the bench, Judge Payson

was the Assistant Attorney General in charge of the Rochester office.  The case then was

assigned to her when she assumed Magistrate Judge Bauer's case load.  Judge Payson held that

neither she nor the Attorney General had appeared in that case to require her recusal.  Id. at *1

n.1.  She noted that

> "As the person having custody of petitioner, Superintendent James Berbary was
> the properly-named respondent in this action.  See 28 U.S.C. § 2243 ('The writ, or
> order to show cause shall be directed to the person having custody of the person
> detained').
>
> "By statute, the New York State Attorney General's Office represents New
> York State employees in state and federal court civil actions and proceedings
> arising out of acts occurring within the scope of their employment.  N.Y. Pub. Off.
> Law § 17; N.Y. Exec. Law § 63. For this reason, and consistent with 28 U.S.C.
> § 2252, the Court's original Order in this case required the Clerk of the Court to
> serve both respondent and myself, as Assistant Attorney General In Charge.
> (Docket # 3).  This Order also required the Clerk to mail a copy of the Order to
> the District Attorney of Erie County, whose office had prosecuted the petitioner
> on the charges of which he was convicted and which petitioner now challenges in
> this collateral proceeding.  (Docket # 3).
>
> "The Advisory Committee Notes to Rule 4 of the Rules Governing § 2254
> Cases provide, 'Although the attorney general is served, he is not required to
> answer if it is more appropriate for some other agent to do so."  My usual and
> customary practice was to advise the District Attorney's Office in writing of the
> pending habeas petition and to request that office to appear and represent
> respondent.  As the docket sheet reflects, the Attorney General's Office did not
> appear in this matter; rather, the District Attorney's Office answered and appeared
> on behalf of respondent. (Docket # 8).
>
> "Accordingly, because I neither personally participated in, nor supervised,
> the defense of this action, I do not believe my disqualification from this case is
> required.  See 28 U.S.C. § 455(b)(3)."

Id.

In Bodine v. Brunelle, No. 97CV57, 1999 U.S. Dist. LEXIS 2129, at *8 (W.D.N.Y.

May 14, 1999), Magistrate Judge Foschio denied the Monroe County District Attorney's motion

to intervene in the habeas proceeding but allowed the district attorney to appear for respondent.

Here, the Order granting in forma pauperis to petitioner and scheduling responses to the

Petition were also sent to the Erie County District Attorney, to "advise appropriate Erie County

officials of the pendency of this proceeding" (Docket No. 3).  While the Attorney General did not

appear on behalf of respondent, the district attorney from the county of conviction did, here the

Erie County District Attorney.  For that respondent, the district attorney filed a response.  Thus,

there was no default by respondent and petitioner's motion should be **denied** on this alternative

basis.

## <u>CONCLUSION</u>

Based upon the above, it is recommended that petitioner's motion (Docket No. 6) for

entry of default judgment against respondent (due to appearance by Erie County District Attorney

rather than New York State Attorney General) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk**

**of this Court within ten (10) days after receipt of a copy of this Report & Recommendation**

**in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil**

**Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

4

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

SO ORDERED.

_____
/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 19, 2007