UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC GORDON,

                Petitioner,                        **Hon. Hugh B. Scott**

                                                            07CV474

             v.

                                                      (CONSENT)

                                                            **Order**

SUPRA. POOLE,

                Respondent.

      Petitioner moved for entry of default judgment against respondent due to respondent appearing through the Erie County District Attorney rather than the New York State Attorney General (Docket No. 6) and this Court issued a Report & Recommendations (Docket No. 12, Nov. 19, 2007) recommending denial of that motion.  Petitioner executed objections to this Report & Recommendations on November 24, 2007, and those objections were filed on November 27, 2007 (Docket No. 14).  On November 27, 2007, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 13).  As a result, petitioner's objections were deemed to be a motion for reconsideration of the decision recommended in the Report & Recommendations, see Fed. R. Civ. P. 52(b), 59(e), 60(b) (Docket No. 15).

      Responses were due on or before December 21, 2007, with any reply, due on or before January 4, 2008, and the motion then was deemed submitted on that date without oral argument unless otherwise determined by the Court upon review of the papers (id.).  Respondent did not file a response.  Petitioner then filed an affidavit (Docket No. 16), arguing that he is entitled to a default judgment and that respondent has failed to respond by December 21, 2007 (id. ¶¶ 3, 9).

He reiterates his arguments that the Erie County District Attorney cannot represent respondent, a state official; rather, only the New York State Attorney General (or his assistants) can legally represent respondent in this action construing New York State statutes (id. ¶¶ 10-29, 34-36). Since the Attorney General has "totally declined to appear" on behalf of respondent, petitioner concludes that respondent has defaulted (id. at "Inconclusion" [sic]). He, however, does not address the absence of default judgments in habeas proceedings.

## BACKGROUND

Familiarity with this Court's Report & Recommendations (Docket No. 12) is presumed. Briefly, petitioner was indicted by a grand jury in Erie County for burglary in the second degree, criminal possession of a controlled substance, and resisting arrest. On June 21, 2005, petitioner plead guilty to attempted burglary in the second degree, criminal possession of a controlled substance, and resisting arrest. (See Docket No. 5, Resp't Memo. at 1.) Petitioner later was sentenced as a second violent felony offender to a five-year determinate term of imprisonment to be followed by five years of post-release supervision (id. at 1-2). Petitioner appealed this conviction and the New York State Supreme Court, Appellate Division, Fourth Department, affirmed, People v. Gordon, 42 A.D.3d 964, 837 N.Y.S.2d 885 (4th Dep't 2007). Petitioner sought leave to appeal to the New York State Court of Appeals, raising only validity of waiver of appeal and the error in denying motion to suppress statements but not asserting the other (pro se) grounds asserted at the trial and intermediate appellate levels (mainly the grounds now alleged in his present habeas Petition). The Court of Appeals denied leave, People v. Gordon, 9 N.Y.3d 876, 842 N.Y.S.2d 788 (2007).

Petitioner then filed this Petition on July 23, 2007 (Docket No. 1). Respondent, through the Erie County District Attorney, filed an Answer with attached record from the state court proceedings (Docket No. 4). Petitioner moved for a default judgment because respondent's counsel is the Erie County District Attorney (Docket No. 6).

## DISCUSSION

I.   Reconsideration Standards

Ordinarily, objections to a Magistrate Judge's Report & Recommendations would be considered by a District Judge. See Fed. R. Civ. P. 72(b); W.D.N.Y. Loc. Civ. R. 72.3(a)(3); 28 U.S.C. § 636(b)(1). With the parties consenting to proceed before the Magistrate Judge who rendered the Report & Recommendations at issue here, cf. W.D.N.Y. Loc. Civ. R. 72.3(a)(1) (if parties consent there is no review of interlocutory orders to the District Court), the Court deemed the objections to that R&R by the pro se petitioner to be a motion for reconsideration under Fed. R. Civ. P. 52(b), 59(e), or 60(b) (see Docket No. 15). The Federal Rules do not expressly provide for reconsideration, see Sierra Club v. Tri-State Generation & Transmission Ass'n, 173 F.R.D. 275 (D. Colo. 1997), but the rules previously cited provide bases for the Court to reexamine its decision.

Under Rule 52(b), on a party's motion (filed no later than ten days after entry of judgment), the Court "may amend its findings–or make additional findings–and may amend the judgment accordingly." Alternatively, under Rule 59(e), a motion to alter or amend a judgment "shall be filed no later than 10 days after entry of the judgment." Here, there has been no entry of judgment, since petitioner was challenging an R&R rather than a Decision & Order and subsequent Judgment entered pursuant to it. Had there been an entry of judgment at the same

time as entry of the R&R, petitioner's Objections would have been timely, since both deadlines under the rules and those for objections required ten days after entry or receipt (see Docket No. 12, R&R at 4), see also Fed. R. Civ. P. 6(a) (if time period is less than 11 days, exclude intermediate weekend days and holidays).  Rule 59(e) includes motions for reconsideration, treating them as motions to alter or amend the judgment, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 122 (Civil 2d ed. 1995).

Rule 60(b) also provides a mechanism for the Court to correct mistakes in its proceedings.

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

A Rule 60 motion generally has to be made within a "reasonable time," id. R. 60(b), with reasons (1), (2), or (3), having a one-year period from entry of the order or proceeding in which a motion could be filed, id.  Again, there is no final judgment entered, but this Rule is the closest basis for the Court to reconsider the R&R and, given consent jurisdiction now applicable here, entry of so much of the R&R that survives this reconsideration as a Decision & Order.  The power of the Court to modify an interlocutory order (such as an R&R or an Order derived from it that renders partial summary judgment) is not limited by Rule 60(b) but are within the Court's inherent authority to render justice, see 11 Federal Practice and Procedure, supra, § 2852, at 233-34 & n.8 (citing Rule 60(b) Advisory Comm. Note to the 1948 amendments).

Note, petitioner is limited to the objections he raised. As a motion to reconsider under Rules 52 or 59, petitioner's time to add new items for reconsideration has run. Absent an allegation of mistake, newly discovered evidence, or fraud or like accusations, petitioner's time under Rule 60(b) also may have run, if the Court deems a later motion to be unreasonably untimely. Even if this motion to reconsider is still considered an objection to a Report & Recommendations (and as noticed to petitioner at the end of the R&R itself, Docket No. 12, at 4-5), the Court on de novo review "will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance" (id. citing Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988)). Under this Court's Local Civil Rule 72.3(a)(3), the written objections to the R&R need to "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection" (id. at 5). Therefore, those portions of the R&R not objected to by petitioner are deemed conceded by the parties and are **so ordered**.

II.     Petitioner's Objections

   A.     Portion of Report Not Objected To

Petitioner's objection does not address the holding that habeas petitioners are not entitled to entry of a default judgment against the respondent, see Bermudez v. Reid, 733 F.2d 18, 20-22 (2d Cir. 1984); Berry v. Woods, No. 06CV4849, 2007 U.S. Dist. LEXIS 49036 (E.D.N.Y. July 6, 2007), at *3-4 (see Docket No. 12, R&R at 2), and the denial of his motion on that ground. In Bermudez, the Attorney General appeared to represent respondent in a habeas proceeding but due to chronic delays in filing papers the district court entered default judgment in petitioner's favor

5

but without first holding an evidentiary hearing and later denied respondent's motion to vacate the default, Bermudez, supra, 733 F.2d at 20.  The Second Circuit reversed this judgment "[p]ersuaded by the transcendent consideration that the federal courts should intervene in the incarceration of state prisoners only after being convinced, by an evidentiary hearing, that there has been a violation of a petitioner's constitutional rights," id.  The appellate court noted that a habeas proceeding "is not an ordinary civil proceeding" and that it has a different standard for entry of a default judgment than other civil actions, id. at 21.  "Whatever may be the merits of [petitioner's] claims, there is presumption that the state court judgment, pursuant to which he has been imprisoned, is valid until there is some showing that by constitutional standards it is not, id. (citing 28 U.S.C. §§ 2241(c)(3), 2254(a); Townsend v. Sain, 372 U.S. 293, 312 (1963)).  The burden of a default judgment would fall not on the defaulting party but upon the public at large, "by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them," id. (noting, id. at 21 n.6, not only the financial costs but the inability to find witnesses or recovering evidence for retrials).

To enter default judgment here would require an evidentiary hearing as to the merits of petitioner's claim, see id. at 22; see also 28 U.S.C. § 2254(d), (e).  If the Court accepts petitioner's view, this hearing would be a one-sided affair, since respondent has defaulted.  Since no such hearing was held, default judgment cannot be entered merely for respondent's failure to appear through appropriate counsel.  Thus, petitioner's denial on this basis **remains and is adopted** as a Decision and Order of the Court.

> B.   Alternative Grounds–Ability of District Attorney to Represent Respondent State Official

Nevertheless, the Court considers again petitioner's main objection, that the Erie County District Attorney cannot represent a state official as a habeas corpus respondent, hence respondent formally has not appeared and has defaulted. Despite the fact that respondent (either through the District Attorney or the Attorney General[1]) has not commented on petitioner's default motion or his objections to respondent's representation, this Court has considered petitioner's objection arguments and reconsidered the R&R and **declines** to reverse the R&R on this issue and **adopts it** as a Decision and Order of the Court.

In addition to the arguments made in the R&R (Docket No. 12, at 2-4, this Court recognizes the practice of having district attorneys intervene in habeas proceedings, Brundidge v. Barkley, No. 98CV234, Docket No. 7, Order of Nov. 16, 1998 (W.D.N.Y.) (Scott, Mag. J.); Booker v. Kelly, 636 F. Supp. 319, 323 (W.D.N.Y. 1986) (Telesca, J.); Wise v. Smith, 559 F. Supp. 44, 47 (W.D.N.Y. 1983) (Telesca, J.); see also Tyson v. Lord, No. 84 Civ. 7023, 1985 WL 1409 (S.D.N.Y. May 22, 1985); but cf. Bodine v. Brunelle, No. 97CV57, 1999 U.S. Dist. LEXIS 2129, at *8 (W.D.N.Y. May 14, 1999) (Foschio, Mag. J.) (denying district attorney's motion to intervene but allowing district attorney to appear for respondent).

While the better practice would be for the Attorney General to formally refer defense of habeas corpus respondents to district attorneys (or for the district attorney here to respond to this

---

[1] While objecting to the fact that the Attorney General has not appeared in this action, petitioner has not served (or indicated service) upon the Attorney General to obtain his position on this matter. This Court's Order granting petitioner in forma pauperis status was served upon the superintendent of Five Points Correctional Facility, petitioner's facility, and the Assistant Attorney General as well as the District Attorney, Docket No. 3.

objection to state clearly his basis for representing respondent), this Court recognizes the interest the district attorney has in upholding the underlying conviction in providing that office notice of the pending habeas petition (see Docket 3) and by allowing that counsel to represent the respondent. The habeas corpus statute and rules recognize service of the petition is not just upon the state's attorney general, but also upon "other appropriate officer of such State as the justice or judge at the time of issuing the writ shall direct," 28 U.S.C. § 2252; see Rules Governing Section 2254 Cases in the United States District Courts Rule 4 ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved"). The attorney general need not answer the petition where another agency is more appropriate, see Redner v. Dean, 29 F.3d 1495, 1503 (11th Cir. 1994) (holding county sheriff as appropriate agency to answer habeas petition for county ordinance violation), cert. denied, 514 U.S. 1066 (1995). As the Redner court noted under Florida's similar statutory assignment of authority to its Attorney General to appear on behalf of the state, Fla. Stat. Ann. § 16.01(4), the Attorney General was not required to represent respondent in that action and concluded that petitioner "confuses the Attorney General's mandatory duty to represent the State with its discretionary authority to intervene in lawsuits in which the State has an interest," Redner, supra, 29 F.3d at 1503. This all recognizes that the matters at issue in the habeas petition are the nature of the underlying conviction rather than respondent's role as custodian of petitioner's body; hence, between the prosecutor and the Attorney General, the prosecutor would be in the better position to defend that conviction in the habeas proceeding.

Petitioner cites Gordon v. County of Rockland, 110 F.3d 886, 888 (2d Cir. 1997), as controlling authority (see, e.g., Docket No. 16, Pet'r Aff. ¶ 13), but that case is distinguishable. There, three former assistant county attorneys challenged their termination by the county attorney on First Amendment grounds, id. at 887.  The part cited by petitioner involved whether the written job description or actual duties performed would control the Elrod v. Burns, 427 U.S. 347, 373, 367 (1976), and Branti v. Finkel, 445 U.S. 507, 517-18 (1980), First Amendment termination analysis whether the employees were "policy makers" or not, Gordon, supra, 110 F.3d at 888.  The issue there was whether the former employees' duties warranted First Amendment protection from political termination.  This case has nothing to do with the ability of a prosecutor to represent a habeas corpus respondent in a proceeding challenging the constitutionality of the underlying conviction.

Therefore, petitioner's objection on this ground is rejected and the Report & Recommendation is adopted on this basis as the Order of the Court.

### **CONCLUSION**

For the reasons stated above, petitioner's Objections (Docket No. 14) to the Report & Recommendations (Docket No. 13) deemed to be a motion for reconsideration (see Docket No. 15) now are **denied**; the Report & Recommendations shall be the Decision & Order of this Court.

So Ordered.

                                                  /s/ Hugh B. Scott
                                                Hon. Hugh B. Scott
                                             United States Magistrate Judge

Buffalo, New York
January 9, 2008