UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC GORDON,

                Petitioner,

                                            **Hon. Hugh B. Scott**

                v.                              **07CV474**

                                            **(CONSENT)**

SUPRA. POOLE,                                      **Order**

                Respondent.

      Petitioner Eric Gordon has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction (Docket No. 1). The parties consented to proceed before the undersigned as Magistrate Judge (pursuant to 28 U.S.C. § 636(c)) (Docket No. 13, Nov. 28, 2007). Petitioner moved for entry of default judgment against respondent (Docket No. 6), which the Court recommended denying (Docket No. 12), and (upon petitioner's objection (Docket No. 14) and later granting consent) the Court ordered denied (Docket No. 17).

      Petitioner now moves for a certificate of appealability of the last Order (Docket No. 18). While this is pending, he has also moved before the United States Court of Appeals for the Second Circuit (but prior to receiving the certificate) for declaratory relief (essentially declaring on the merits for him on the underlying Petition and the appearance by the District Attorney rather than the Attorney General for the respondent superintendent) (Docket Nos. 19, 20; <u>see also</u> Docket No. 21, petitioner's memorandum in support of appellate motion).

## BACKGROUND

Petitioner moved for default judgment because respondent appeared through the Erie County District Attorney rather than the New York State Attorney General (Docket No. 6). Prior to consenting to Magistrate Judge jurisdiction, this Court rendered a Report & Recommendation recommending denying that motion for default (Docket No. 12, Nov. 19, 2007, "R&R"). Petitioner objected to this R&R on November 24, 2007, and those Objections were filed on November 28, 2007 (Docket No. 14). Meanwhile, on November 27, 2007, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 13). As a result, petitioner's objections were deemed to be a motion for reconsideration of the decision recommended in the R&R, see Fed. R. Civ. P. 52(b), 59(e), 60(b) (Docket No. 15). The Court issued a briefing schedule wherein responses were to be filed on or before December 21, 2007, and any reply was due on or before January 4, 2008, and the motion then will be deemed submitted on January 4, 2008, without oral argument (Docket No. 15). Upon reconsideration, the Court again denied petitioner default judgment (Docket No. 17).

## DISCUSSION

### Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken. 28 U.S.C. § 2253(c)(1)(A). "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court," as here, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgement

must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).  Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).  An appeal of an interlocutory order also requires a certificate of appealability, see Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (appeal of bail pending habeas order requires certificate of appealability); cf. 28 U.S.C. § 1292 (interlocutory appellate jurisdiction)

The claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right.  Further, this Court is **not** "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), to declare the earlier Order to be subject to an interlocutory appeal.  Thus, the Court **declines** to issue a certificate of appealability.

## CONCLUSION

Based on the above, the Court **declines** to issue a certificate of appealability and rejects petitioner's application (Docket No. 18) for such a certificate.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

So Ordered.

                                                         /s/ Hugh B. Scott
                                                        Hon. Hugh B. Scott
                                              United States Magistrate Judge

Dated: Buffalo, New York
       February 21, 2008