UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC GORDON,

                      Petitioner,

                                                    **Hon. Hugh B. Scott**

                      v.                                              **07CV474**

                                                         **(CONSENT)**

SUPRA. POOLE,                                               **Decision**
                                                                   **&**
                      Respondent.                         **Order**

Petitioner Eric Gordon has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction (Docket No. 1). He asserts the following grounds in support of his Petition: offense was not properly charged in the Indictment; the state trial court should not have accepted his plea; count one of the Indictment failed to include every necessary element to charge second degree burglary; count one of the Indictment failed to provide proper notice; the identification occurred in the district attorney's office in violation of petitioner's Fifth, Sixth, and Fourteenth Amendment rights, denying petitioner right to counsel and due process; and petitioner was denied his right of self-representation (Docket No. 1, Pet.). The parties consented to proceed before the undersigned as Magistrate Judge (pursuant to 28 U.S.C. § 636(c)) (Docket No. 13, Nov. 28, 2007).

**BACKGROUND**

*Offense and State Court Proceedings*

Petitioner was indicted by a grand jury in Erie County for burglary in the second degree, criminal possession of a controlled substance, and resisting arrest. On June 21, 2005, petitioner plead guilty to attempted burglary in the second degree, criminal possession of a controlled substance, and resisting arrest. (See Docket No. 5, Resp't Memo. at 1.) Petitioner later was sentenced as a second violent felony offender to a five-year determinate term of imprisonment to be followed by five years of post-release supervision (id. at 1-2).

*Appeal*

Petitioner appealed this judgment, challenging the validity of his waiver of appeal and the denial of his motion to suppress statements. He also raised, pro se, other issues, such as claiming that the Indictment was jurisdictionally defective; that the Indictment was statutorily defective; that petitioner was prejudiced at a photograph of petitioner being shown to a witness in the grand jury; that the identification made in the grand jury was defective; and that he was denied his right to self-representation. (See id. at 2.) The New York State Supreme Court, Appellate Division, Fourth Department, affirmed, denying waiver of appeal argument, People v. Gordon, 42 A.D.3d 964, 837 N.Y.S.2d 885 (4th Dep't 2007). Petitioner sought leave to appeal to the New York State Court of Appeals, raising only validity of his waiver of appeal and the error in denying his motion to suppress statements. In seeking leave, he did not assert the other (pro se) grounds asserted at the trial and intermediate appellate levels (mainly the grounds now alleged in his present habeas Petition). The Court of Appeals denied leave, People v. Gordon, 9 N.Y.3d 876, 842 N.Y.S.2d 788 (2007).

*Habeas Petition*

Petitioner then filed this Petition on July 23, 2007 (Docket No. 1). Respondent filed an Answer with an attached record from the state court proceedings (Docket No. 4). In his Petition, petitioner asserts four grounds for relief: ground one claims that the Indictment was jurisdictionally defective; ground two claims that count one of the Indictment failed to provide proper notice; ground three claims that his right to counsel and due process rights were violated; and ground four claims that his Sixth Amendment rights were violated when he was not allowed to represent himself (Docket No. 1, Pet. at 7-8).

*Proceedings on this Petition*

Petitioner moved for default judgment because respondent appeared through the Erie County District Attorney rather than the New York State Attorney General (Docket No. 6). Prior to consenting to Magistrate Judge jurisdiction, this Court rendered a Report & Recommendation recommending denying that motion for default (Docket No. 12, Nov. 19, 2007, "R&R"). Petitioner objected to this R&R on November 24, 2007, and those Objections were filed on November 28, 2007 (Docket No. 14). Meanwhile, on November 27, 2007, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 13). As a result, petitioner's objections were deemed to be a motion for reconsideration of the decision recommended in the R&R, <u>see</u> Fed. R. Civ. P. 52(b), 59(e), 60(b) (Docket No. 15). The Court issued a briefing schedule wherein responses were to be filed on or before December 21, 2007, and any reply was due on or before January 4, 2008, and the motion was then to be deemed submitted on January 4, 2008, without oral argument (Docket No. 15). Upon reconsideration, the Court again denied petitioner a default judgment (Docket No. 17).

**DISCUSSION**

I.   Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Respondent argues that petitioner did not exhaust grounds one, two, three, and four asserted by petitioner (Docket No. 5, Resp't Memo. at 7-8, 3-4).  None of these grounds were asserted to the state's highest court to fully exhaust them (id. at 7).

Based on the record before the Court, it appears that the petitioner has not exhausted his state court remedies.  In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

II.   Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert.

denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

>  (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue ... shall be presumed to be correct,"

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that petitioner has failed to preserve these arguments for habeas corpus review. Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection, Reid, supra, 961 F.2d at 377, or waiver of right to appeal with guilty plea. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977);

Washington v. LeFevre, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). These principles have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, No. 96 Civ. 4317, 1996 WL 692003 (S.D.N.Y. Dec. 2, 1996).

III.     Substantive Errors

Petitioner contends that his plea to the lesser included offense should not have been taken because the underlying Indictment failed to allege all the elements of the offense of burglary.  In particular, the Indictment did not allege the theory the prosecution used in the criminal complaint, that the crime petitioner intended to commit during the burglary was rape (Docket No. 9, Pet'r Memo. at seventh-ninth unnumbered pages).

Respondent alternatively argues that grounds one, two, and three are not issues of constitutional magnitude and that the state court adjudications were not contrary to, or involved unreasonable application of, clearly established United States Supreme Court precedents (Docket No. 5, Resp't Memo. at 9, 5-6).  As for petitioner's objections to the Indictment, a petitioner, represented by counsel (as petitioner was here in state court), who pleads guilty may not assert independent claims relating to events occurring prior to the guilty plea (such as defects in the Indictment), Tollett v. Henderson, 411 U.S. 258, 267 (1973).

As for petitioner's fourth ground, on his right to self-representation, respondent contends that this claim is barred by adequate and independent state law grounds (the waiver of his right to

appeal when he plead guilty) and is meritless (Docket No. 5, Resp't Memo. at 10-11). Petitioner may only attack the voluntary and intelligent character of the plea. Henderson, supra, 411 U.S. at 267; Davis v. Johnson, 49 F. Supp. 2d 160, 165 (W.D.N.Y. 1999) (Heckman, Mag. J., adopted by, Arcara, J.). "A guilty plea . . . simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction of factual guilt is validly established." Menna v. N.Y., 423 U.S. 61, 62 n.2 (1975) (per curiam). In this case, petitioner did not contest the voluntariness and his knowledge of the effects of the plea (including the waiver of his right to appeal) in state court. There is an adequate and independent state law ground–the voluntary waivers within petitioner's guilty plea–that bars this Court's collateral review of the conviction. Petitioner can overcome this bar only by showing cause and prejudice or a fundamental miscarriage of justice. The test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Courts should consider all the relevant circumstances, including the possibility of a heavier sentence following trial, defendant's prior experience with the criminal justice system, and whether the court addressed defendant and explained his options. Magee v. Romano, 799 F. Supp. 296, 300 (E.D.N.Y. 1992); Davis, supra, 49 F. Supp. 2d at 167.

     During petitioner's plea colloquy, petitioner stated that the plea was voluntary, knowing, and taken at the advice of counsel (Tr. of June 21, 2005, at 326-38). Prior to the plea, petitioner was allowed to participate in the voir dire of the jury, asking whether jurors had a problem with his participation with his defense counsel (Tr. at 319-22). Petitioner entered a plea with conditions that he waived his right to appeal (Tr. at 326, 336), see also People v. Gordon,

42 A.D.3d 964, 964, 837 N.Y.S.2d 885, 886, and that he admitted his status as a second violent felony offender (Tr. at 326).  Petitioner stated that he was satisfied with his representation, "absolutely" did not feel that he was being forced to accept the plea, and understood his rights and the consequences of the plea (Tr. at 329-30).  He denied that anyone threatened him if he failed to accept the plea (Tr. at 331).

Petitioner plead guilty to attempting to remain unlawfully in a dwelling with the intent to commit a crime therein (at 334-35), pleading to the lesser included offense of attempted burglary in the second degree, N.Y. Penal L. § 140.25(2) (Tr. at 326).  He stated that he was under the influence of an intoxicant "and I may have intended to commit a crime" (Tr. at 335).  While in that dwelling, petitioner may have said that he wanted to have sex with a female believed to be under age (Tr. at 335-36).  Petitioner narrated in his plea all the elements of the offense he plead to and the trial court accepted the plea (Tr. at 338).  During petitioner's sentencing, his counsel and petitioner stated that he was lawfully in the dwelling but entered a plea to burglary anyway (Tr. of Oct. 28, 2005, at 4-5, 6), with defense counsel pointing out that petitioner admitted to possessing a large amount of a controlled substance in that dwelling, constituting a crime (id. at 6).

Whatever defects the Indictment may have had (whether it alleged the same things as the prior criminal complaint or not), it was superceded when petitioner ultimately plead to the essential elements of the offense.  Petitioner never renounced his plea to argue the one element he contests here, whether he was unlawfully in that dwelling with the intention to commit a crime, cf. N.Y. Penal L. § 140.25(2).

Petitioner fails to show prejudice or a fundamental miscarriage of justice to overcome this procedural bar. Therefore, the Petition is **denied**.

IV.   Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C. § 2253(c)(1)(A).  Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).  As discussed above, the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right. There is an adequate independent state law ground that bars federal habeas review.  Thus, the Court **declines** to issue a certificate of appealability.

While this case was pending, petitioner filed (with this Court) an appellate motion for declaratory judgment (Docket No. 20).  This Court is not addressing that motion and leave it for the United States Court of Appeals if it addresses petitioner's appeal.

## CONCLUSION

Based on the above, the Petition (Docket No. 1) is **DENIED**.  The Court **declines** to issue a certificate of appealability.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

This Court is not addressing petitioner's pending appellate motion for declaratory relief (Docket No. 20).

So Ordered.

                                                                       /s/ Hugh B. Scott  
                                                                      Hon. Hugh B. Scott  
                                                                  United States Magistrate Judge

Dated: Buffalo, New York  
        February 21, 2008