UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC GORDON,

        Petitioner,

                   **Hon. Hugh B. Scott**

        v.              07CV474

                   (CONSENT)

SUPRA. POOLE,               **Decision**
                     **&**
        Respondent.         **Order**

   Petitioner Eric Gordon has filed two motions regarding his Habeas Corpus Petition (Docket No. 1).  First, he moved for a hearing pursuant to 28 U.S.C. § 2243 (Docket No. 25, dated Feb. 22, 2008, filed Feb. 27, 2008).  That motion was dated one day after this Court dismissed the Petition (Docket No. 23) and the same day Judgement was entered (Docket No. 24).  Second, he moved for reconsideration of dismissal of his Petition, pursuant to Federal Rules Civil Procedure 52(b), 59(e), or 60(b) (Docket No. 27, dated Feb. 28, 2008, filed Mar. 20, 2008).  Both motions seek similar relief, granting his Petition.  Petitioner also filed a Notice of Appeal from dismissal of his Petition (Docket No. 26).

   Familiarity with the dismissal Order (as well as the earlier ones, Docket Nos. 12 (Report & Recommendation), 17, 22) is presumed.

## DISCUSSION

I.   Reconsideration

Petitioner's first motion (Docket No. 25) was dated one day before the Court dismissed the Petition. As a result, this motion is now deemed **moot**.

Petitioner's second reconsideration motion (Docket No. 27) objects to the finding that petitioner failed to exhaust his state remedies (see id.; Docket No. 23, Order at 4). While petitioner appealed to the New York State Court of Appeals (see Docket No. 23, Order at 2), People v. Gordon, 42 A.D.3d 964, 837 N.Y.S.2d 885 (4th Dep't), leave denied, 9 N.Y.3d 876, 842 N.Y.S.2d 788 (2007), he did not assert the issues raised in this Petition before the New York State Court of Appeals to exhaust them (see id. at 2, 4). Alternatively, this Court also held that petitioner failed to preserve these issues and waived them when he pled guilty (id. at 4, 6-7, 7-10). Even if the issue of exhaustion were reconsidered, the Petition still would be dismissed on other grounds.

Petitioner next argues that the record does not show that he knowingly and intelligently waived his right to be tried and convicted only upon the charges presented to the grand jury, and not upon a jurisdictionally defective Indictment (Docket No. 27, Pet'r Aff. ¶¶ 13, 12). Upon reconsideration of this contention (see Docket No. 23, Order at 7-10), the Court adheres to its earlier decision. As for petitioner's objections to the Indictment, a defendant, represented by counsel (as petitioner was here in state court), who pleads guilty may not assert independent claims relating to events occurring prior to the guilty plea (such as defects in the Indictment), Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner stated during his plea colloquy that the plea was voluntary, knowing and taken at the advice of counsel and petitioner adhered to that

plea despite the purported omission of an element in the offense as alleged in the Indictment (id. at 8-9, citing Tr. of June 21, 2005, at 326-38; Tr. of Oct. 28, 2005, at 4-5, 6). Whatever defects the Indictment may have had (whether it alleged the same factual allegations as the prior criminal complaint or not), it was superceded when petitioner ultimately plead to the essential elements of the offense. Petitioner never renounced that plea to argue that one element he contests here, whether he was unlawfully in that dwelling with the intention to commit a crime, cf. N.Y. Penal L. § 140.25(2), was not asserted.

Therefore, petitioner's motion for reconsideration (Docket No. 27) is **denied**.

II.   Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken. 28 U.S.C. § 2253(c)(1)(A). Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003). As discussed above and in the prior Order (Docket No. 23, Order at 10), the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right. Thus, the Court **declines** to issue a certificate of appealability (see id.; see also Docket No. 22).

**CONCLUSION**

For the reasons stated above (as well as those in this Court's prior Order, Docket No. 23), petitioner's motion for a 28 U.S.C. § 2243 hearing (Docket No. 25) is **deemed moot**; petitioner's motion for reconsideration (Docket No. 27) of the dismissal of the Habeas Corpus Petition (Docket No. 1) is **DENIED**. The Court again **declines** to issue a certificate of appealability.

Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

    So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 4, 2008